UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

**Please Note Changes to Proposed Order**

| | |
|---|---|
| GREGORY DALE WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:03-cv-0074-RLY-WGH |
| ) | |
| DUTCHMEN MANUFACTURING, INC., ) | |
| NORCOLD, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This cause came before the Court upon Defendant, Norcold, Inc.'s, Motion to Compel Examination of Plaintiff by Vocational Expert Pursuant to F.R.C.P. 35, filed by counsel representing Defendant, Norcold, Inc. (Doc. #101), and the Court having considered same and Plaintiff's response (Doc. #111) and Defendant's reply (Doc. #117), said motion is GRANTED, and it is

**ORDERED** that Plaintiff, Gregory D. Wheeler, is ordered to submit to an examination by Defendant's vocational expert, Guy A. Hostetler, and to an examination by Defendant's internist/addictionologist, Timothy J. Kelley, on a date mutually agreed to by counsel in Indianapolis, Indiana, with Defendant, Norcold, Inc., to bear all travel expenses.

The Magistrate Judge concludes that by tendering vocational expert evidence premised on the conclusion that he has a "100% Occupational Loss," the Plaintiff has put his physical ability and condition to labor at issue in this case. The need to test the underlying factual basis for that premise is good cause for the need to conduct a vocational examination by the Defendant. The Magistrate Judge agrees with the Defendant that the 1991 Advisory Committee notes indicate that the scope of examinations allowed under Rule 35 has been expanded. So long as there is an examination, it is being performed by a suitably licensed or certified examiner, and the conduct of the examination will not cause undue pain, an examination under the rule is allowed after good cause is shown. In this case, an examination by a Certified Rehabilitation Counselor is warranted.

The question of whether Plaintiff has put his mental condition at issue is more difficult to assess. However, Plaintiff's own vocational expert mentions that medical records show evidence of possible alcohol and/or substance abuse "which has a direct affect upon a person's ability to perform certain types of work and or maintain regular employment. . . ." Because Plaintiff's own expert considers alcohol abuse a factor to be considered in his own opinion, the Magistrate Judge concludes that Rule 35 affords an examination to explore the extent to which the Plaintiff's condition prior to the fire might have impacted his future long-term prospects for employment. Since there is no dispute that the doctor to perform the examination is a suitable person to do so, the examination by Dr. Kelley is permitted.

SO ORDERED.

Dated: 08/25/2006

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

[Distribution list – next page.]

Copies To:

Mr. Brent R. Weil
KIGHTLINGER & GRAY, LLP
bweil@k-glaw.com

Mr. Andrew M. Pardieck
amp@pardiecklaw.com
Mr. Roger L. Pardieck
rlp@pardiecklaw.com
THE PARDIECK LAW FIRM

Mr. Charles E. Moore
cemoore@moorelaw.org
Mr. Travis L. Holtrey
tlholtrey@moorelaw.org
MOORE, MOORE & MALONE

Mr. Fred S. White
fwhite@bamberger.com
BAMBERGER, FOREMAN, OSWALD & HAHN, LLP