UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| GREGORY DALE WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:03-cv-74-RLY-WGH |
| | ) | |
| DUTCHMEN MANUFACTURING, INC., | ) | |
| and NORCOLD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON (1) MOTION TO COMPEL PLAINTIFF TO RESPOND TO INTERROGATORY AND REQUEST FOR PRODUCTION AS TO ROBSON LAPINA AND LOWELL PRUETT (DOCKET NO. 279); AND (2) MOTION FOR LEAVE TO SERVE INTERROGATORIES AND REQUESTS FOR PRODUCTION (DOCKET NO. 281) AS TO ROBSON LAPINA**

On May 13, 2001, plaintiff Gregory Dale Wheeler was burned in a fire which occurred in his Dutchmen Lite Classic travel trailer. At or shortly after the time of the fire, Mr. Wheeler had an attorney client relationship with Angela Greene. Attorney Greene hired Robson Lapina, a fire investigation company, to investigate the cause for the trailer fire. A Robson Lapina investigator – Lowell Pruett – examined the Wheeler trailer and verbally reported his findings to attorney Greene. Attorney Greene documented the conversation with Pruett and placed her handwritten notes in the plaintiff's file. Attorney Green's notes comprise the only report made by the consulting expert.

In November 2002, attorney Greene contacted Attorney Roger Pardieck, who along with Charles Moore ultimately agreed to enter an appearance and file suit. On

May 8, 2003, attorneys Moore and Pardieck filed the Complaint in this products liability action.

In the course of this litigation, defendant Norcold submitted the following interrogatory and request for production. Interrogatory No. 1 stated:

> **Interrogatory No. 1:** List the name, address, and place of employment of every individual who has, at any point since May 13, 2001 fire, conducted an on-site investigation (including, but not limited to, any and all cause and origin investigations) of the Dutchmen trailer and/or the fire scene at Rocky Falls Campground in Evansville, Indiana, at the request or behest of the Plaintiff, including those individuals whose testimony you do not intend to introduce at trial. This Interrogatory is only intended to apply to such individuals who were consulted and/or who inspected the Dutchmen trailer and/or fire scene between the dates of May 13, 2001 and April 1, 2003.

The request for production requested the following:

> **Request No. 1:** Copies of any and all documents, including, but not limited to, all reports, photographs, video images, diagrams, statements, and/or correspondence prepared by any individual who was retained or consulted as an expert as to the cause and/or origin of the fire that is the subject of this lawsuit by the Plaintiff, the current Plaintiff's counsel, or by any individual who previously represented the Plaintiff since the date of the fire in question, including any reports, photographs, video images, diagrams, statements, and/or correspondence prepared by any consulting expert whose testimony the Plaintiff does not intend to introduce at trial. This request is only intended to apply to such experts who consulted and/or inspected the Dutchmen trailer/fire scene between the dates of May 13, 2001 and April 1, 2003.

The plaintiff has objected to answering Interrogatory No. 1 or producing the documents under Request for Production No. 1 on the grounds that they are protected by FED.R.CIV.P. 26(b)(4)(B), which provides as follows:

> (B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances

under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

It is clear that any information which is sought (beginning at a point of May 13, 2001) prepared by an expert retained by the plaintiff's counsel would fit within the protection of items produced in anticipation of litigation and by an expert who the plaintiff advises will not be testifying at trial. The issue before the Magistrate Judge in this case is whether there are exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

The defendants in this case argue that the exceptional circumstances which exist here evolve from the fact that there was some spoliation of the investigation scene. The defendant has brought forward significant portions of the testimony of expert Carl Natale that seem to indicate that the condition of the trailer when first examined by defendant Norcold was significantly different than the condition that would have existed immediately following the fire. Moreover, Natale suggests that he was unable to perform and specifically stated that he was required to "take guesses" at things, and that it was "pretty hard to make accurate scientific conclusions from a trailer that has been ransacked the way this was."

There is currently pending before this court a motion for sanctions for spoliation of evidence in this case (Docket No. 137) which has been taken under advisement by the court. In the Magistrate Judge's opinion, although the court may not ultimately issue a sanction, discovery of the nature of the change in the conditions of the trailer may have some bearing not only on the cause and origin of the fire in this case, but also on the issue of whether a spoliation instruction may be

given to the jury. That being the case, the Magistrate Judge concludes that the defendants have made a showing of exceptional circumstances which should allow some discovery with respect to the investigation performed by Robson Lapina. Therefore, defendant Norcold's Motion to Compel the plaintiff to respond to the interrogatory and the request for production (Docket No. 279) is **GRANTED.** Defendant Norcold's Motion for Leave to serve interrogatories on Lowell Pruett and Robson Lapina and to depose Pruett and/or the representative of Robson Lapina (Docket No. 281) is **GRANTED (though it is denied, in part, as to their request to take the deposition of Angela Greene for the reasons stated in a separate order).**

    **SO ORDERED.**

**Dated:**  March 12, 2007

                                                              WILLIAM G. HUSSMANN, JR.
                                                                    Magistrate Judge

**Electronic copies to:**

Sacha L. Armstrong
KIGHTLINGER & GRAY
sarmstrong@k-glaw.com

Thomas L. Davis
LOCKE REYNOLDS LLP
tdavis@locke.com

Thomas J. Jarzyniecki Jr.
KIGHTLINGER & GRAY
tjarzyniecki@k-glaw.com

Kase Leigh McCoy
KIGHTLINGER & GRAY
kmccoy@k-glaw.com

Charles Edward Moore
MOORE MALONE & SAFREED
cemoore@moorelaw.org

Roger L. Pardieck
THE PARDIECK LAW FIRM
rlp@pardiecklaw.com

Karen M. R. Weber
LOCKE REYNOLDS LLP
kweber@locke.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com

Fred S. White
BAMBERGER FOREMAN OSWALD & HAHN
fwhite@bamberger.com