UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

GREGORY DALE WHEELER,                         )
                                              )
                         Plaintiff,           )
                                              )
              v.                              )      3:03-cv-74-RLY-WGH
                                              )
DUTCHMEN MANUFACTURING, INC.,                 )
and NORCOLD, INC.,                            )
                                              )
                         Defendants.          )

**ORDER (1) ON DEFENDANT NORCOLD'S
MOTION TO COMPEL ATTORNEY GREENE'S RESPONSES TO
NON-PARTY REQUESTS (DOCKET NO. 278); AND (2) NORCOLD'S
MOTION FOR *IN CAMERA* REVIEW OF DOCUMENTS (DOCKET NO. 280);
AND (3) DEFENDANT NORCOLD'S MOTION TO NOTICE THE
DEPOSITION OF ANGELA GREENE (DOCKET NO. 281)**

On May 13, 2001, plaintiff Gregory Dale Wheeler was burned in a fire which
occurred in his Dutchmen Lite Classic travel trailer.  At or shortly after the time of
the fire, Mr. Wheeler had an attorney-client relationship with attorney Angela
Greene.  Attorney Greene hired Robson Lapina, a fire investigation company, to
investigate the causes for the trailer fire.  A Robson Lapina investigator – Lowell
Pruett – examined the Wheeler trailer and verbally reported his findings to attorney
Greene.  Attorney Greene documented the conversation with Pruett and placed her
handwritten notes in the plaintiff's file.  Attorney Greene's notes comprise the only
report made by the consulting expert.

In November 2002, attorney Greene contacted Attorney Roger Pardieck, who
along with Charles Moore ultimately agreed to enter an appearance and file suit.  On

May 8, 2003, attorneys Moore and Pardieck filed the Complaint in this products liability action.

On December 29, 2006, defendant Norcold served Angela Greene & Associates with a request for production to a non-party.  That original request was later amended, which requested as follows:

> The following contents of your file as it relates to Gregory Dale Wheeler . . . and/or the fire involving Mr. Wheeler which occurred on May 13, 2001, at the Rocky Falls Camp Ground in Evansville, Indiana: Reports, statements, and/or correspondence prepared by or sent to any expert(s) or investigator(s) (including all consulting expert(s)) who were retained to investigate and/or consulted regarding the May 13, 2001 fire between the dates of May 13, 2001 and April 1, 2003.

The issue before the Magistrate Judge in this opinion addresses whether attorney Greene's notes are discoverable in this case, or whether they are protected as either attorney work product or attorney-client privilege.

Federal Rule of Civil Procedure 26(b)(3) provides guidance in its relevant parts as follows:

> . . . [A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

In this case, attorney Greene has provided a privilege log with respect to those items withheld from production.  In reviewing the privilege log provided, the privilege

log does not contain any description of the contents of the materials that are withheld that is sufficient to allow the Magistrate Judge to determine conclusively whether the items withheld are subject to attorney work product or the attorney-client privilege.  The Magistrate Judge, therefore, concludes that an *in camera* review of these items is necessary.

In making his review, the Magistrate Judge notes that the Federal Rules of Civil Procedure draw a distinction between the methods and means available to obtain opinions held by experts (see FED.R.CIV.P. 26(b)(4)(B)), and the method or mechanism used to obtain attorney-client privilege documents (see Fed.R.Civ.P. 26(b)(3)).  To the extent that the parties are seeking the opinions of the Robson Lapina expert, the Magistrate Judge believes that he should analyze the production of those reports under FED.R.CIV.P. 26(b)(4), and that possessions of copies of such reports within a prior attorney's file does not change the character of the examination the Magistrate Judge must make to determine whether the expert's opinions can be discovered.  Therefore, to the extent the Magistrate Judge concludes that attorney Greene's notes reflect her understanding of the expert's report, the Magistrate Judge is not likely to disclose those attorney-client notes because, in his opinion, they are likely to be the attorney's mental impressions, conclusions or opinions as to the information relayed to her by the non-testifying expert.  Based on the information provided to the Magistrate Judge to date, it is therefore unlikely that the Magistrate Judge will conclude that attorney Greene's handwritten notes will be discoverable.

This being said, the Magistrate Judge will address by separate opinion whether the opinions of Robson Lapina may be disclosed pursuant to FED.R.CIV.P. 26(b)(4).

Therefore, the plaintiff is **ORDERED** to provide the documents identified in the privilege log for *in camera* review by the Magistrate Judge within ten (10) days of the date of this order.  Defendant Norcold's Motion to Compel Attorney Greene's Responses (Docket No. 278) is **GRANTED, in part,** and **DENIED, in part.** Defendant Norcold's Motion for In Camera Review of Documents (Docket No. 280) is **GRANTED.**  Defendant Norcold's Motion for Leave to Depose Angela Greene (Docket No. 281) is **DENIED** at this time.

      **SO ORDERED.**

**Dated:**  March 12, 2007

                                       _____
                                     WILLIAM G. HUSSMANN, JR.
                                        Magistrate Judge

**Electronic copies to:**

Sacha L. Armstrong
KIGHTLINGER & GRAY
sarmstrong@k-glaw.com

Thomas L. Davis
LOCKE REYNOLDS LLP
tdavis@locke.com

Thomas J. Jarzyniecki Jr.
KIGHTLINGER & GRAY
tjarzyniecki@k-glaw.com

-5-

Kase Leigh McCoy
KIGHTLINGER & GRAY
kmccoy@k-glaw.com

Charles Edward Moore
MOORE MALONE & SAFREED
cemoore@moorelaw.org

Roger L. Pardieck
THE PARDIECK LAW FIRM
rlp@pardiecklaw.com

Karen M. R. Weber
LOCKE REYNOLDS LLP
kweber@locke.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com

Fred S. White
BAMBERGER FOREMAN OSWALD & HAHN
fwhite@bamberger.com