UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| GREGORY DALE WHEELER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 3:03-cv-0074-RLY-WGH |
| | ) | |
| DUTCHMEN MANUFACTURING, INC. | ) | |
| and NORCOLD, INC., | ) | |
|     Defendants. | ) | |

**ENTRY ON NORCOLD'S MOTION FOR SANCTIONS (DOCKET # 137) AND NORCOLD'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DR. SCHROEDER (DOCKET # 144)**

The court held a hearing on pending motions in this case on February 13, 2007. During the hearing, the court took a number of pending motions under advisement, including Norcold's Motion for Sanctions for Evidence Spoliation (Docket # 137) and Norcold's Motion to Exclude the Opinions and Testimony of Dr. Schroeder (Docket # 144). For the reasons set forth below, the court **DENIES** Norcold's motion for sanctions and **DENIES** Norcold's *Daubert* motion with respect to Dr. Schroeder.

**I.      Motion for Sanctions for Evidence Spoliation**

Defendant Norcold moves to dismiss the present action, or in the alternative, sanction Plaintiff, because Plaintiff moved his Dutchmen trailer at issue in this case from the location where the fire occurred near Evansville, Indiana, to his property approximately 300 miles away in Isonsville, Kentucky, before any Norcold

1

representatives had the opportunity to inspect the trailer.  Norcold was not an original party to the present action.  The fire that caused Plaintiff's injuries occurred on May 13, 2001, and Norcold was not made a party to the suit until May 11, 2003.  Plaintiff argues that moving the trailer did not prejudice Norcold because one of the fire inspectors who initially examined the fire scene shortly after the fire occurred is now retained by Norcold.  Further, Plaintiff argues that Norcold waiting to raise the spoliation issue this late in the litigation precludes dismissal.

Under Indiana law, spoliation is defined as "[t]he intentional destruction, mutilation, alteration, or concealment of evidence." *J.S. Sweet Co., Inc. v. Sika Chem. Corp.*, 400 F.3d 1028, 1032 (7th Cir. 2005) (quoting *Cahoon v. Cummings*, 734 N.E.2d 535, 545 (Ind. 2000)).  Deciding whether to dismiss a case or award other appropriate sanctions for evidence spoliation falls within the court's broad discretionary powers to issue evidentiary rulings.  *In re Bridgestone/Firestone, Inc.*, 287 F. Supp. 2d 938, 940 (S.D. Ind. 2003).  "[I]n ascertaining whether spoliation has occurred, courts tend to look for evidence of some bad faith on the part of the accused party."  *Id*.

In this case, there is no dispute that Plaintiff intentionally altered his trailer in order to move it to Kentucky before Norcold had a chance to inspect it.  After the fire occurred, Plaintiff's trailer remained at the campground for a period of time, during which inspectors from Dutchmen and Plaintiff's insurance company were able to examine the trailer.  However, the campground where the fire occurred eventually notified Plaintiff that he had to move the trailer.  In order to move the trailer from Indiana to Kentucky,

Plaintiff had to rearrange some of the items in the trailer, including retracting the slide-out room. Although the court notes that pulling the damaged trailer behind a pick-up truck may not have been the most effective way to preserve all the evidence in the trailer, the court does not find this indicative of bad faith on the part of Plaintiff, which would warrant dismissal. For the foregoing reasons, Norcold's motion for sanctions for evidence spoliation is **DENIED**. However, because Norcold did not have the same chance to inspect the trailer in its unaltered state after the fire, the court may consider issuing a jury instruction on spoliation.

**II.**     ***Daubert* Motion to Exclude Dr. Schroeder's Opinions and Testimony**

At the February 13, 2007, hearing on pending motions, the court took under advisement the portion of Dr. Schroeder's testimony that relied on the warranty claims and denied the remainder of the motion. The court noted its concern with the reliability of the warranty claims in its ruling on Norcold's *Daubert* motion with respect to Dr. Blundell, who used the warranty records to calculate the likelihood of failure of certain parts of the Norcold refrigerator. The court excluded Dr. Blundell's opinion based upon these records because many of the records he used as a basis for his statistical analysis were not specific enough to indicate why parts failed, or in some cases, which parts failed.

However, Dr. Schroeder used the warranty records for a more specific purpose. Rather than trying to categorize all the warranty records by part failure, e.g., circuit board failure, ignitor failure, etc., even where the records did not contain sufficient information

3

to properly categorize them, Dr. Schroeder used the warranty records to establish that refrigerators switching from AC to LP gas mode was a problem with Norcold refrigerators. Dr. Schroeder's expert report documents that he searched the Norcold warranty database for documentation specifically relating to that problem, rather than trying to infer that problem from unclear records. Thus, the court's concern with Dr. Blundell's use of vague warranty records to arrive at specific conclusion does not transfer to Dr. Schroeder's use of the same records. Any objection by Norcold regarding Dr. Schroeder's use of the warranty records to support his opinion is more proper for cross-examination. As such, Norcold's *Daubert* motion with respect to Dr. Schroeder's reliance upon Norcold's warranty records is **DENIED**.

### III. Conclusion

For the reasons set forth above, the court **DENIES** Norcold's motion for sanctions for evidence spoliation (Docket # 137) and **DENIES** the remaining portion of Norcold's *Daubert* motion regarding Dr. Schroeder's opinion based upon Norcold's warranty records.

**SO ORDERED** this 16th day of April 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Sacha L. Armstrong
KIGHTLINGER & GRAY
sarmstrong@k-glaw.com

Thomas L. Davis
LOCKE REYNOLDS LLP
tdavis@locke.com

Thomas J. Jarzyniecki Jr.
KIGHTLINGER & GRAY
tjarzyniecki@k-glaw.com

Kase Leigh McCoy
KIGHTLINGER & GRAY
kmccoy@k-glaw.com

Charles Edward Moore
MOORE MALONE & SAFREED
cemoore@moorelaw.org

Roger L. Pardieck
THE PARDIECK LAW FIRM
rlp@pardiecklaw.com

Karen M. R. Weber
LOCKE REYNOLDS LLP
kweber@locke.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com

Fred S. White
BAMBERGER FOREMAN OSWALD & HAHN
fwhite@bamberger.com